**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

William J. Davis,

        Plaintiff,

                                 Case No. 1:13-cv-272

      v.

                                 Judge Michael R. Barrett

CEVA Logistics,

        Defendant.

**ORDER & OPINION**

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 13). Plaintiff has filed a Memorandum in Opposition (Doc. 14) and Defendant has filed a Reply (Doc. 15).

**I.  BACKGROUND**

This case is related to another case brought by Plaintiff against Defendant which is pending before this Court. *William Davis v. CEVA Logistics*, Case No. 1:12-cv-351. In that case, Plaintiff brought claims which included alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Ohio Revised Code Chapter 4112. Defendant moved to dismiss these disability claims, and this Court granted the motion. (Case No. 1:12-cv-351, Doc. 14).

Plaintiff then filed a complaint in the Butler County Court of Common Pleas which alleged a claim of disability discrimination against Defendant under Chapter 4112. Defendant removed that case to this Court, and is now the present matter. Defendant

argues that this case should be dismissed because Plaintiff's claim under Chapter 4112 is barred by *res judicata*.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.   *Res judicata*

"[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).  Under federal common law, "the law that would be applied by state courts in the State in which the federal diversity court sits" applies, except that "in situations in which the state law is incompatible with federal interests," federal law applies.  *Semtek*, 531 U.S. at 508-509.  Accordingly, this Court will apply Ohio's law of

*res judicata* to determine the preclusive effect of this Court's prior dismissal of Plaintiff's disability discrimination claim under Chapter 4112.

Under Ohio's law of *res judicata*, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). The Ohio Supreme Court has defined "transaction" as a "common nucleus of operative facts." *Id.* (quoting Restatement (2d) of Judgments § 24, Comment b).

"A prior Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes." *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986)); *see also State ex rel. Arcadia Acres v. Ohio Dep't of Job & Family Servs.*, 914 N.E.2d 170, 174 (Ohio 2009) (explaining that dismissal for "failure to state a claim upon which relief can be granted" constitutes a judgment that is an "adjudication on the merits" and therefore *res judicata* bars refiling the claim). Therefore, this Court's previous dismissal was a final judgment rendered upon the merits. *Accord Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) ("It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits *unless* the court specifies otherwise.") (emphasis in original).

Plaintiff argues that the complaint in this matter has allegations which were not included in the complaint filed in Case No. 1:12-cv-351. However, "[i]t has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation

3

is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'"
*Grava*, 653 N.E.2d at 229 (quoting Natl. Amusements, Inc. v. Springdale, 558 N.E.2d
1178, 1180 (Ohio 1990)).  As the Ohio Supreme Court has explained, *res judicata* will
"extinguish a claim by the plaintiff against the defendant even though the plaintiff is
prepared in the second action (1) To present evidence or grounds or theories of the
case not presented in the first action, or (2) To seek remedies or forms of relief not
demanded in the first action."  *Id.* (quoting Restatement (2d) of Judgments § 25).

### III.   CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Amended
Complaint (Doc. 13) is **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice.
This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

_____/s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

4